AO 120 (Rev. 08/10)

| TO: **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court ___Eastern District of New York___ on the following

☑ Trademarks or  ☐ Patents.  ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>12-CV-2587 | DATE FILED<br>5/22/2012 | U.S. DISTRICT COURT<br>Eastern District of New York |
|---|---|---|

| PLAINTIFF<br><br>Coty US LLC | DEFENDANT<br><br>Kiss Products, Inc.<br>Kiss Nail Products, Inc. |
|---|---|

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1  (see complaint) | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | |
|---|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK<br>L. Hong | DATE<br>5/29/2012 |
|---|---|---|

**Copy 1—Upon initiation of action, mail this copy to Director   Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director   Copy 4—Case file copy**

ORIGINAL

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

COTY US LLC,

      Plaintiff,

    v.

KISS PRODUCTS, INC. and KISS NAIL
PRODUCTS, INC.,

      Defendants.

**CV 12 - 2587**

Civil Action No.:

**COMPLAINT**

**COGAN, J.**

**SUMMONS ISSUED**

Plaintiff Coty US LLC ("Plaintiff") by its attorneys Greenberg Traurig, LLP, for its

complaint against Kiss Products, Inc. and Kiss Nail Products, Inc. (collectively, "Defendants"),

alleges as follows:

### PRELIMINARY STATEMENT

1.    This is an action for trade dress infringement, unfair competition, false

designation of origin, false advertising, and related claims under the United States Trademark

(Lanham) Act of 1946, 15 U.S.C. §§ 1051 et seq. (as amended), and New York State statutory

and common law.

2.    Plaintiff is a leading beauty company that offers a global brand portfolio of

enormous breadth and scope in the categories of fragrance, cosmetic and personal care products.

3.    One of Plaintiff's best-selling and well-known products is the SALLY

HANSEN® line of nail care products that includes nail care preparations, nail enamel and nail

polish among other products. Plaintiff spends millions of dollars annually in developing and

promoting its SALLY HANSEN® line of nail products as well as the unique and original

product configurations and packaging designs for such products. SALLY HANSEN® nail

products, along with their unique product and packaging designs, have been widely advertised

and sold throughout the United States for many years with sales well in excess of $100 million per year.

4.     Seeking to take advantage of the reputation and goodwill enjoyed by the SALLY HANSEN® brand and the unique product and packaging designs utilized by Plaintiff, Defendants have perpetrated a scheme to confuse the public and misappropriate the enormous goodwill of the SALLY HANSEN® brand. Defendants have done this by intentionally employing trade dress and product and packaging designs for their KISS and RUBY KISSES lines of nail products that are highly similar to SALLY HANSEN's trade dress and by making certain material claims about the quality of their products that are untrue.

5.     Defendants' pattern of adopting trade dress and product and packaging designs that are virtually identical to Plaintiff's SALLY HANSEN® products, coupled with false claims about the products, is likely to confuse and deceive consumers, and harm the goodwill of Plaintiff's SALLY HANSEN® brand while deceiving consumers as to the quality and characteristics of Defendants' products.

## THE PARTIES

6.     Plaintiff is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at Two Park Avenue, New York, New York 10016.

7.     Upon information and belief, Defendant Kiss Products, Inc. is incorporated under the laws of the State of New York with its principal place of business at 56 East Main Street, Amsterdam, New York 12010.

8.     Upon information and belief, Defendant Kiss Nail Products, Inc. is incorporated under the laws of the State of New York, and has a principal place of business is located at 57 Seaview Boulevard, Port Washington, New York 11050.

2

## JURISDICTION AND VENUE

9.      This is an action for trade dress infringement, unfair competition, false

designation of origin, false advertising, and related claims under the United States Trademark

(Lanham) Act of 1946, 15 U.S.C. §§ 1051 et seq. (as amended), and New York State statutory

and common law.  The Complaint arises from Defendants' unauthorized imitation, adoption and

use of trade dress and product and packaging designs that infringe Plaintiff's rights, and

advertising, promotion and distribution of such products in interstate commerce, in the State of

New York, and in this judicial district.  The Complaint also arises from Defendants' false and/or

misleading advertising claims in interstate commerce, in the State of New York and in this

judicial district.

10.     This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121

and under 28 U.S.C. §§ 1331, 1332 and 1338.  This Court has supplemental jurisdiction over

Plaintiff's claims under the laws of the State of New York pursuant to 28 U.S.C. § 1367.

Personal jurisdiction over Defendants is proper by virtue of their transacting and doing business

in this judicial district and pursuant to N.Y. Civ. Prac. L. & R. 302(a).

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because

Defendants conduct business in this judicial district and, as a result, a substantial part of the

events giving rise to these claims arose in this district.

## Plaintiff's SALLY HANSEN® Brand and Trade Dress

12.     Plaintiff, founded in 1904, is one of the world's leading fragrance and beauty

companies with offices in more than 30 countries and a strong presence in most countries around

the world with approximately $4.5 billion in annualized revenues.

3

13.     Plaintiff, through its predecessor, Del Laboratories, Inc., began using it SALLY HANSEN® trademark in connection with various cosmetic products, including nail care preparations, in the United States at least as early as 1956.

14.     Under the SALLY HANSEN® brand, Plaintiff offers consumers solutions for virtually every nail care concern, including fashion, color and treatment, with innovative products that incorporate the latest technologies. As a result, SALLY HANSEN® is the leading brand in U.S. mass market and drug store chains for nail color and nail treatment products.

The SALLY HANSEN Single Finger Design

15.     While the SALLY HANSEN® line of nail products has always incorporated unique product and packaging designs, in December 2007, Plaintiff launched its SALLY HANSEN COLOR QUICK® Nail Color Pen, which prominently incorporated an image of a single finger with the particular color shade of the nail product. This original design concept was created by Plaintiff and sales of the SALLY HANSEN COLOR QUICK® Nail Color Pen have been wildly successful, with tens of millions in dollar sales since introduction. An example of Plaintiff's SALLY HANSEN COLOR QUICK® Nail Color Pen advertising and packaging incorporating this design is shown below:

4







16.     Plaintiff expanded its use of the unique design packaging by incorporating such design on its SALLY HANSEN® Nail Art Pen packaging, which was first introduced in December 2008.  The SALLY HANSEN Nail Art Pen products garnered significant nationwide

sales as gross sales of such products have exceeded $40 million.  Examples of the Plaintiff's

SALLY HANSEN® Nail Art Pen packaging incorporating this single finger design are shown

below:





6



The SALON EFFECTS Line

17.     Capitalizing on the popularity and consumer recognition created by the use of this

single finger design on the SALLY HANSEN COLOR QUICK® Nail Color Pens and SALLY

HANSEN® Nail Art Pens, in November 2009, Plaintiff adopted an updated version of the single

finger design on its SALLY HANSEN® SALON EFFECTS line of real nail polish strips, which

displays a single finger shown upright in the center of the packaging as shown below (the finger

design on the SALLY HANSEN COLOR QUICK® Nail Color Pen, the SALLY HANSEN®

Nail Art Pen and SALLY HANSEN® SALON EFFECTS line of real nail polish strips are

hereinafter collectively referred to as the "Single Finger Design"). The nail portion of the Single

Finger Design on the SALLY HANSEN® SALON EFFECTS product is see-through plastic and

the actual nail polish product contained inside the box is shown. As shown below, the Single

7

Finger Design is a prominent feature of the packaging for all SALLY HANSEN SALON EFFECTS line of products.

 

18. The Single Finger Design is nonfunctional and distinctive.

19. The Single Finger Design has been extensively advertised throughout the United States since its introduction. Plaintiff has expended substantially large sums of money to advertise and promote its products with the Single Finger Design in a variety of media throughout the United States and has continuously used the Single Finger Design to distinguish its nail products from those offered by others.

20. Plaintiff has advertised and currently advertises its SALLY HANSEN® products featuring the Single Finger Design in television and print advertisements, e-mails, e-newsletters, statement inserts and on brochures available at merchant sites. As a result of such advertising and promotion, the Single Finger Design now enjoys a favorable reputation and has developed

8

secondary meaning among consumers who have come to associate the Single Finger Design exclusively with nail polish products emanating from Plaintiff.

21.     Advertising containing Single Finger Design and media references have appeared in over 100 magazine insertions, across over 30 titles since 2010 alone, including but not limited to leading beauty magazines such as *Cosmopolitan*, *Glamour*, *Allure* and *People*.

22.     Plaintiff also advertises, markets and promotes its SALLY HANSEN® nail products – where the Single Finger Design is prominently displayed – via its web sites at <www.coty.com> and <www.sallyhansen.com>, the latter of which has averaged approximately 792,000 page views a month in 2011, of which 156,000 were unique visitors per month in 2011.

23.     Through actual and extensive use, Plaintiff owns common law trademark rights to the Single Finger Design as such design mark has become a distinctive identifier associated with Plaintiff and its SALLY HANSEN® products. Indeed, total sales of Plaintiff's products featuring the Single Finger Design are well in excess of $100 million and advertising expenditures to support such sales have been extensive.

24.     Following its introduction in 2009, SALLY HANSEN® SALON EFFECTS became the biggest cosmetic product launch in U.S. mass market history. Since the introduction, retail sales of SALLY HANSEN® SALON EFFECTS alone have exceeded $65 million. Naturally, this has inspired copyists selling similar but inferior product trying to capitalize on the SALLY HANSEN® SALON EFFECTS goodwill or the goodwill of the Single Finger Design.

The COMPLETE SALON MANICURE Bottle Design

25.     The SALLY HANSEN COMPLETE SALON MANICURE™ was launched in November 2009, featuring a bottle design that was exclusively developed by Plaintiff as shown below. The SALLY HANSEN COMPLETE SALON MANICURE™ bottle design is inherently

9

distinctive and uniquely features a trade dress consisting of a combination of rounded "shoulders," an elongated tapered cap, and a triangular front panel featuring the product name with a large block glass base at the bottom of the bottle that tapers up at the corners for aesthetic purposes (the "CSM Trade Dress").





10

26.     Plaintiff is the owner of the pending federal trademark application Serial No. 85/592,233 for the CSM Trade Dress covering "nail enamel; nail polish; nail polish base coat" in International Class 3.

27.     Since its introduction, the CSM Trade Dress has appeared on all SALLY HANSEN COMPLETE SALON MANICURE advertisements and Plaintiff has expended substantially large sums of money to advertise and promote its SALLY HANSEN COMPLETE SALON MANICURE in a variety of media throughout the United States continuously using and displaying the CSM Trade Dress to distinguish its nail products from those offered by others. Plaintiff has advertised and currently advertises its SALLY HANSEN COMPLETE SALON MANICURE products in television and print advertisements, e-mails, e-newsletters, statement inserts and on brochures available at merchant sites. As a result of such advertising and promotion, Plaintiff's SALLY HANSEN COMPLETE SALON MANICURE nail product with the CSM Trade Dress now possesses a favorable reputation and have developed secondary meaning among consumers who have come to associate the CSM Trade Dress exclusively with nail products emanating from Plaintiff. Retail sales of SALLY HANSEN COMPLETE SALON MANICURE have exceeded $90 million and over 13 million SALLY HANSEN COMPLETE SALON MANICURE units have been sold. This, in addition to being wholly distinct, the CSM Trade Dress has achieved significant secondary meaning so that consumers associate it with Plaintiff.

**Defendant's Wrongful Acts**

Infringement of the Single Finger Design

28.     Upon information and belief, well after Plaintiff began using the Single Finger Design, and after such design and trade dress had gained widespread industry and consumer

11

recognition, Defendants commenced manufacturing, distributing and marketing its KISS brand of "NAIL DRESS" nail art stickers.  The NAIL DRESS stickers are distributed and sold in a package design incorporating a single finger design that is virtually identical to Plaintiff's SALLY HANSEN SALON EFFECTS packaging incorporating the Single Finger Design ("Infringing Trade Dress").

Plaintiff's SALLY HANSEN Packaging          Defendant's KISS Packaging

"Kitty, Kitty"                    "Sexy"



"Wild Child"                                    "Camisole"

                            

29.     As the packaging designs in Paragraph 28 above demonstrate, not only did

Defendants copy Plaintiff's Single Finger Design and incorporate identical language to describe

the alleged features of the NAIL DRESS stickers, they have adopted nail art designs called

"Sexy" and "Camisole," among others, that are virtually identical to Plaintiff's designs, further

prompting confusion amongst the products.

The False Advertising Claim

30.     Plaintiff's SALLY HANSEN® SALON EFFECTS nail polish strips are made

from real nail polish and are capable of lasting up to 10 days.  On the other hand, Defendants'

KISS NAIL DRESS products are merely nail stickers and, as a result, cheaper and inferior to

Plaintiff's products.  Nevertheless, in an effort to deceive consumers into believing that their

13

products are comparable, if not identical in quality, Defendants falsely claim that their nail sticker "lasts up to 10 days," taking such claim directly from the SALLY HANSEN® SALON EFFECTS packaging. However, Defendants' claim that their nail sticker "lasts up to 10 days," is false and misleading.

31.     Upon information and belief, Defendants own the domain names <kissusa.com> and <kissnaildress.com>, and operate web sites found at <www.kissusa.com> and <kissnaildress.com>, where Defendants prominently display, advertise, promote and provide information about its KISS NAIL DRESS products incorporating the Infringing Trade Dress.

32.     Defendants' KISS NAIL DRESS products are sold in the same or similar stores and channels of trade as Plaintiff's SALLY HANSEN SALON EFFECTS products. Defendants' products are directly competitive or marketed as being directly competitive with Plaintiff's SALLY HANSEN SALON EFFECTS products and are sold to many of the same retailers and consumers.

Infringement of Plaintiff's CSM Bottle Design

33.     In addition to adopting Plaintiff's Single Finger Design, Defendants have also adopted a bottle design for its RUBY KISSES brand of nail polish that is virtually identical to Plaintiff's CSM Trade Dress ("Infringing Bottle Design") as shown below.

14

Plaintiff's Bottle Design                    Defendants Bottle Design



34.     Defendants own the domain name <rubykissescosmetics.com> and operate a web site found at <www.rubykissescosmetics.com>, where Defendants prominently display, advertise, promote and provide information about its RUBY KISSES nail polish products with the Infringing Bottle Design that is virtually identical to Plaintiff's CSM Trade Dress.

35.     Defendants' RUBY KISSES nail polish products are sold in the same or similar stores and channels of trade as Plaintiff's SALLY HANSEN products. Defendants' products are directly competitive or marketed as being directly competitive with Plaintiff's SALLY HANSEN COMPLETE SALON MANICURE products and are sold to many of the same retailers and consumers.

15

36.     Defendants' adoption and use of the Infringing Trade Dress and Infringing Bottle Design in conjunction with competing nail products is likely to cause confusion, mistake or deception of purchasers and the consuming public as to the source, origin or sponsorship of Defendants' goods. A substantial number of actual and potential purchasers and consumers, upon encountering Defendants' products or advertising bearing Defendants' Infringing Trade Dress and Infringing Bottle Design are likely to mistakenly believe that Defendants' goods originate with, or are licensed, approved, sponsored by, or otherwise affiliated with or related to, Plaintiff's SALLY HANSEN® products.

37.     Defendants' repeated pattern of copying Plaintiff's unique and original Single Finger Design and CSM Trade Dress, and making false claims of product parity, is causing and will continue to cause damage and irreparable harm to Plaintiff and to its valuable reputation and goodwill.

## COUNT ONE
### (Federal Trade Dress Infringement under 15. U.S.C. § 1125(a) – Single Finger Design)

38.     Plaintiff repeats and realleges each and every allegation above as if set forth herein.

39.     Plaintiff's Single Finger Design and the goodwill of the businesses associated therewith in the United States are of great and significant value. The Single Finger Design is distinctive and arbitrary, and has become associated in the public mind with the products of the highest quality and reputation finding their source in Plaintiff.

40.     The Single Finger Design has acquired secondary meaning by virtue of Plaintiff's extensive advertising and sales of products nationwide featuring the Single Finger Design.

41.     Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's prior rights in the Single Finger Design, Defendants have distributed, advertised, offered for sale

16

and/or sold products incorporating the Infringing Trade Dress to the consuming public in direct competition with Plaintiff, in or affecting interstate commerce.

42.     Defendants' use of the Infringing Trade Dress which infringe upon Plaintiff's Single Finger Design is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendant's Infringing Trade Dress, and is likely to deceive the public into believing that products incorporating the Infringing Trade Dress sold or offered by Defendants originate from, are associated with or are otherwise authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

43.     Defendants' unauthorized use of Plaintiff's Single Finger Design on or in connection with the Infringing Trade Dress was done with full knowledge that such use was not authorized or licensed by Plaintiff. Defendants' actions constitute willful infringement of Plaintiff's exclusive rights in the Single Finger Design in violation of 15 U.S.C. § 1125(a).

44.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damage to its valuable SALLY HANSEN® brand, and other damages in an amount to be proved at trial.

45.     Plaintiff has no adequate remedy at law. If Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and reputation.

### COUNT TWO
### (Federal Trade Dress Infringement under 15. U.S.C. § 1125(a) – CSM Trade Dress)

46.     Plaintiff repeats and realleges each and every allegation above as if set forth herein.

47.     Plaintiff's CSM Trade Dress and the goodwill of the businesses associated therewith in the United States are of great and significant value. The CSM Trade Dress is

distinctive and arbitrary, and has become associated in the public mind with the products of the highest quality and reputation finding their source in Plaintiff.

48.     The CSM Trade Dress has acquired secondary meaning by virtue of Plaintiff's extensive advertising and sales of products nationwide featuring the CSM Trade Dress.

49.     Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's prior rights in the CSM Trade Dress, Defendants have distributed, advertised, offered for sale and/or sold products incorporating the Infringing Bottle Design to the consuming public in direct competition with Plaintiff, in or affecting interstate commerce.

50.     Defendants' use of the Infringing Bottle Design which infringe upon Plaintiff's CSM Trade Dress is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendant's Infringing Bottle Design, and is likely to deceive the public into believing that products incorporating the Infringing Bottle Design sold or offered by Defendants originate from, are associated with or are otherwise authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

51.     Defendants' unauthorized use of Plaintiff's CSM Trade Dress on or in connection with the Infringing Bottle Design was done with full knowledge that such use was not authorized or licensed by Plaintiff.  Defendants' actions constitute willful infringement of Plaintiff's exclusive rights in the CSM Trade Dress in violation of 15 U.S.C. § 1125(a).

52.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damage to its valuable SALLY HANSEN® brand, and other damages in an amount to be proved at trial.

53.     Plaintiff has no adequate remedy at law.  If Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and reputation.

18

## COUNT THREE
### (Unfair Competition, False Description and
### False Designation of Origin under 15. U.S.C. § 1125(a)(1)(A))

54.     Plaintiff repeats and realleges each and every allegation above as if set forth herein.

55.     Without authorization from Plaintiff, Defendants adopted and continue to use the Infringing Trade Dress and Infringing Bottle Design that are virtually identical to Plaintiff's Single Finger Design and CSM Trade Dress respectively. As such, Defendants' sale of the KISS NAIL DRESS nail stickers and RUBY KISSES nail polish products falsely designate the origin of their products and confuse the public by suggesting that those products are sponsored by or affiliated with Plaintiff, in violation of 15 U.S.C. § 1125(a)(1)(A).

56.     Defendants' unauthorized use and imitation of Plaintiff's Single Finger Design and CSM Trade Dress, on or in connection with the KISS NAIL DRESS nail stickers and RUBY KISSES nail polish products respectively, were done with notice and full knowledge that such use was not authorized or licensed by Plaintiff. Defendants have used and continue to willfully use the Infringing Trade Dress and Infringing Bottle Design that are virtually identical to Plaintiff's Single Finger Design and CSM Trade Dress respectively, with the intent to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendants' nail products, and with the intent to trade on Plaintiff's reputation and goodwill.

57.     Defendants have profited and have been unjustly enriched by sales of the KISS NAIL DRESS nail stickers and RUBY KISSES nail polish products that they would not otherwise have made but for their unlawful conduct, all to Defendants' profit and Plaintiff's great damage and injury.

19

58.     Defendant's aforesaid acts are in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), in that Defendant's adoption of packaging and bottle designs that are virtually identical to Plaintiff's SALLY HANSEN® products in interstate commerce constitutes false designation of origin and unfair competition.

59.     The intentional nature of the aforementioned acts of defendant makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

60.     Plaintiff has no adequate remedy at law.  If Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and reputation.

## COUNT FOUR
### (False Advertising under 15. U.S.C. § 1125(a)(1)(B))

61.     Plaintiff repeats and realleges each and every allegation above as if set forth herein.

62.     Defendants' packaging and web sites advertise, promote and market Defendants' KISS NAIL DRESS nail stickers to "last up to 10 days" in commercial advertising and promotion (the "Claims").

63.     On information and belief, the Claims are false.

64.     The Claims misrepresent the nature, qualities and characteristics of the KISS NAIL DRESS stickers.

65.     Defendants are willfully, knowingly and intentionally making false representations regarding the nature, characteristics and qualities of their KISS NAIL DRESS nail stickers in its product packaging, web sites, commercial advertising and/or promotion and, intend to continue making such false representations and descriptions unless enjoined by this Court, all to Defendants' profit and Plaintiff's great damage and injury.

66.     The intentional nature of the aforementioned acts of defendant makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

67.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be proved at trial.

68.     Plaintiff has no adequate remedy at law.  If Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and reputation.

**COUNT FIVE**
**(Common Law Trademark Infringement,**
**Trade Dress Infringement and Unfair Competition)**

69.     Plaintiff repeats and realleges each and every allegation above as if set forth herein.

70.     As a result of Plaintiff's substantial advertising and promotional efforts for the Single Finger Design, as well as its dedication to providing quality products under the SALLY HANSEN® brand, Plaintiff has built up valuable goodwill in the Single Finger Design.  As such, the Single Finger Design has become associated with Plaintiff's products, and have come to symbolize the reputation for quality and excellence of Plaintiff's SALLY HANSEN® products.

71.     Defendants' wrongful use of colorable imitations of Plaintiff's Single Finger Design as alleged herein is likely to deceive the public into believing falsely that Defendants' KISS NAIL DRESS nail stickers are associated therewith, originate from or are offered, sponsored or approved by Plaintiff, or that there is otherwise a connection between the two companies' products and businesses.  Defendants have unfairly competed with Plaintiff in violation of New York common law.

72.     On information and belief, such actions were taken by Defendants in a deliberate attempt to misappropriate and trade off of the goodwill and valuable reputation of Plaintiff and

21

the Single Finger Design. Such action is a willful attempt by Defendants to usurp the goodwill in Plaintiff's rights to the Single Finger Design, and constitutes unfair competition in violation of New York common law.

73. Further, as a result of Plaintiff's substantial advertising and promotional efforts for the CSM Trade Dress, as well as its dedication to providing quality products under the SALLY HANSEN® brand, Plaintiff has built up valuable goodwill in the CSM Trade Dress. As such, the CSM Trade Dress has become associated with Plaintiff's products, and have come to symbolize the reputation for quality and excellence of Plaintiff's SALLY HANSEN® products.

74. Defendants' wrongful use of colorable imitations of Plaintiff's CSM Trade Dress as alleged herein is likely to deceive the public into believing falsely that Defendants' RUBY KISSES nail polish products are associated therewith, originate from or are offered, sponsored or approved by Plaintiff, or that there is otherwise a connection between the two companies' products and businesses. Defendants have unfairly competed with Plaintiff in violation of New York common law and laws of States in which Defendants have sold their products.

75. On information and belief, such actions were taken by Defendants in a deliberate attempt to misappropriate and trade off of the goodwill and valuable reputation of Plaintiff and the CSM Trade Dress. Such action is a willful attempt by Defendants to usurp the goodwill in Plaintiff's rights to the CSM Trade Dress, and constitutes unfair competition in violation of New York common law and laws of States in which Defendants have sold their products.

76. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damage to its valuable Single Finger Design and CSM Trade Dress, and other damages in an amount to be proved at trial.

77.     Plaintiff does not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of KISS NAIL DRESS nail stickers and RUBY KISSES nail polish products unless this Court enjoins Defendants from such deceptive business practices.

## COUNT SIX
### (New York General Business Law § 360(l))

78.     Plaintiff repeats and realleges each and every allegation above as if set forth herein.

79.     Defendants' illegal acts as set forth above have caused damage to Plaintiff by tarnishing Plaintiff's valuable reputation and diluting or blurring the distinctiveness of Plaintiff's Single Finger Design and CSM Trade Dress in violation of New York General Business Law § 360(l).

80.     Plaintiff does not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of KISS NAIL DRESS nail stickers and RUBY KISSES nail polish products unless this Court enjoins Defendants from such deceptive business practices.

## COUNT SEVEN
### (New York General Business Law § 349)

81.     Plaintiff repeats and realleges each and every allegation above as if set forth herein.

82.     Defendants, without Plaintiff's authorization or consent, and having knowledge of Plaintiff's prior use and rights in the Single Finger Design and CSM Trade Dress, have used, advertised, sold and continues to use, advertise and sell their KISS NAIL DRESS nail stickers and RUBY KISSES nail polish products incorporating the Infringing Trade Dress and Infringing Bottle Design respectively, to the consuming public in violation of New York General Business Law § 349.

83. Defendants' adoption and use of the Infringing Trade Dress and Infringing Bottle Design are likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendants' KISS NAIL DRESS stickers and RUBY KISSES nail polish products, and is likely to deceive the public into believing that the KISS NAIL DRESS nail stickers and RUBY KISSES nail polish products sold by Defendants originate from, are associated with or are otherwise authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

84. Defendants' deceptive acts and practices involve public sales activities of a recurring nature.

85. Plaintiff does not have an adequate remedy at law, and will continue to be damaged by Defendant's sale of the KISS NAIL DRESS nail stickers and RUBY KISSES nail polish products unless this Court enjoins Defendants from such fraudulent business practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter final judgment in favor of Plaintiff against Defendants as follows:

1. Granting preliminary and permanent injunction enjoining and restraining Defendants, their officers, directors, agents, servants, distributors, employees, subsidiaries, affiliates and representatives and all other persons, firms or corporations in active concert or participation with it (collectively "Defendants and its Partners") from:

a. using in any manner the Infringing Trade Dress and the Infringing Bottle Design or any mark or trade dress on or in connection with the advertising, sale or promotion of nail care products that are likely to cause confusion, deception, or mistake with Plaintiff's Single Finger Design and CSM Trade Dress, or otherwise infringes on or violates the rights of Plaintiff;

24

b.        manufacturing, distributing, shipping, advertising, marketing, promoting, selling, offering or making available for sale or otherwise making any other use of the Infringing Trade Dress and the Infringing Bottle Design or any mark or trade dress confusingly similar to Plaintiff's Single Finger Design and CSM Trade Dress, or otherwise infringes on or violates the rights of Plaintiff;

c.        advertising, marketing, or otherwise promoting any products manufactured, distributed, shipped, sold or offered or made available for sale by Defendants or any of its Partners in any matter that suggests or conveys that such products are affiliated with Plaintiff, are superior or equivalent to the Plaintiff's SALLY HANSEN products or making false representations or claims about the quality of such products, including but not limited to the Claims;

d.        doing any other act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, or prospective customers of Plaintiff's goods, as to the source of the goods or services marketed or sold by Defendants and its Partners;

e.        infringing Plaintiff's Single Finger Design and CSM Trade Dress;

f.        otherwise competing unfairly with Plaintiff or any of their authorized licensees in any manner; and

g.        assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (f).

2.        Requiring Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, to file with the Court and serve upon Plaintiff a written report

25

under oath setting forth in detail the manner and form in which Defendants have complied with the injunction, pursuant to 15 U.S.C. § 1116;

3. Ordering Defendants to recall all products bearing the Infringing Trade Dress and Infringing Bottle Design, which have been shipped by Defendants or under its authority to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against Defendants;

4. Ordering Defendants to pay for and cause to be disseminated corrective advertising to ameliorate the adverse consequences of Defendants' acts of trademark and trade dress infringement, false designation of origin, false advertising and unfair competition, the content, nature, form and extent of which is to be approved by Plaintiff and this Court;

5. Ordering Defendants to deliver up for destruction any and all goods, product packaging, promotional materials, advertisements, commercials and other items in the possession, custody or control of Defendants which, if sold, displayed or used, would violate the injunction herein granted, and to revise all web sites to eliminate any content, the display or use of which would violate the injunction herein granted;

6. Ordering Defendants to account for and pay over to Plaintiff all gains, profits and advantages realized by Defendants by reason of Defendants' unlawful acts herein alleged and that the amount of disgorgement for infringement of Plaintiff's Single Finger Design and CSM Trade Dress be increased by a sum not exceeding three times the amount thereof, pursuant to 15 U.S.C. § 1117, N.Y. Gen. Bus. Law § 349(h);

7. Awarding Plaintiff actual damages in an amount to be determined at trial and that the amount of damages for infringement of Plaintiff's Single Finger Design and CSM Trade

26

Dress be increased by a sum not exceeding three times the amount thereof, pursuant to 15 U.S.C. § 1117, N.Y. Gen. Bus. Law § 349(h);

8.    Awarding Plaintiff its costs, including its reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. § 1117, N.Y. Gen. Bus. Law § 349(h);

9.    Awarding Plaintiff punitive damages based on the willful and deliberate nature of Defendants' acts of trade dress infringement, false advertising, false designation of origin and unfair competition; and

10.    Granting such other and further relief as the Court deems just and proper.

Dated: May 22, 2012                          Respectfully submitted,
        New York, New York

                                                   **GREENBERG TRAURIG LLP**

                          By:    _____

                                   Scott E. Thompson
                                   (thompsonse@gtlaw.com)
                                   Masahiro Noda
                                   (nodam@gtlaw.com)
                                   MetLife Building
                                   200 Park Avenue, 34th Floor
                                   New York, NY 10166
                                   Telephone: (212) 801-9200
                                   Facsimile: (212) 801-6400

                                   *Attorneys for Plaintiff*
                                   *Coty US LLC*

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| COTY US LLC | KISS PRODUCTS, INC. and KISS NAIL PRODUCTS, INC. |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Greenberg Traurig, LLP
200 Park Avenue, New York, New York 10166
(212) 801-9200

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | Liability / ☐ 368 Asbestos Personal | | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine / Injury Product | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product / Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | Liability / **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | Product Liability / ☐ 380 Other Personal | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 360 Other Personal / Property Damage | Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | Injury / ☐ 385 Property Damage | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| | ☐ 362 Personal Injury - / Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 896 Arbitration |
| | Med. Malpractice | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting / Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / **Habeas Corpus:** | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Employment / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | |
| | ☐ 446 Amer. w/Disabilities - / ☐ 555 Prison Condition | Alien Detainee (Prisoner Petition) | | |
| | Other / ☐ 560 Civil Detainee - | ☐ 465 Other Immigration | | |
| | ☐ 448 Education / Conditions of Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. §§1051 et seq.

Brief description of cause:
Trade dress infringement, unfair competition, false designation of origin, false advertising, and related claims.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE 05/22/2012

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _BMC_    MAG. JUDGE _____

2587

EDNY Revision 12/2011

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, Scott E. Thompson _____, counsel for Coty, Inc. _____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☒ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☒ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

*None*

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County: No _____

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? No _____

b) Did the events of omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? Yes _____

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? Yes _____
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
☒ Yes    ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
☐ Yes    (If yes, please explain)    ☒ No

I certify the accuracy of all information provided above.

Signature: _____